UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| James Allen Gregg, | Case No. 20-cv-433 (ECT/TNL) |
| Petitioner, | |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

---

This matter comes before the Court on motions filed by the parties in connection with the Court's April 3, 2020 Order, ECF No. 7, staying this case pending the United States Supreme Court's ruling in *Borden v. United States*, and the subsequent issuance of the *Borden* ruling on June 10, 2021, 141 S. Ct. 1817.

The April 3, 2020 Order directed Respondent to file an answer to Petitioner's petition for a writ of habeas corpus within 30 days of the decision in *Borden*. ECF No. 7 at 2. Accordingly, Respondent's answer was due on or before July 12, 2021. *See* Fed. R. Civ. P. 6(a)(1). When Respondent did not file an answer within the 30 days, Petitioner essentially moved for a finding of default. *See generally* ECF No. 10. Respondent subsequently filed a motion for an extension of time, stating that it had "inadvertently missed the Court's 30-day deadline," "apologiz[ing] for [its] oversight," and requesting until August 16, 2021 to file its answer. ECF No. 11 at 1-2.

Petitioner is correct that Respondent did not timely respond. At the same time, "a default judgment and issuance of the writ of habeas corpus are not appropriate remedies

1

for the failure of the respondent to file a timely response to the petition." *Ward v. Terrell*, No. 08-cv-837 (ADM/JJK), 2008 WL 5273720, at *8 (D. Minn. Dec. 17, 2008) (citing *Hale v. Lockhart*, 903 F.2d 545, 547 (8th Cir. 1990)); *see id.* at *8 n.4 (collecting cases holding failure to file timely response does not entitle petitioner to writ); *see also Spencer v. Rios*, No. 18-cv-2639 (MJD/TNL), 2019 WL 9313598, at *2 (D. Minn. Apr. 23, 2019), *report and recommendation adopted*, 2019 WL 2373333 (D. Minn. June 5, 2019).

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion, ECF No. 10, is **DENIED**.

2. Respondent's motion, ECF No. 11, is **GRANTED**.

3. **On or before August 16, 2021**, Respondent is directed to file an answer to Petitioner's petition for a writ of habeas certifying the true cause and proper duration of his confinement and showing cause why the writ should not be granted in this case.

4. Respondent's answer should include:

   a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's incarceration, in light of the issues raised in the petition;

   b. A reasoned memorandum of law and fact fully stating Respondent's legal position on Petitioner's claims, including Respondent's view of whether relief remains available to Petitioner under 28 U.S.C. § 2255; and

   c. Respondent's recommendation on whether an evidentiary hearing should be conducted in this matter.

5. If Petitioner intends to file a reply to Respondent's answer, he must do so **within 30 days** of the date when the answer is filed.

6. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

7. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: August  4  , 2021

        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Gregg v. United States*
Case No. 20-cv-433 (ECT/TNL)