UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| James Allen Gregg, | No. 20-cv-433 (KMM/TNL) |
| Petitioner, | |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

---

James Allen Gregg brought this habeas case pursuant to 28 U.S.C. § 2241, and the matter is currently stayed pending the United States Supreme Court's decision in *Jones v. Hendrix*, No. 21-857, 2022 WL 1528372 (May 16, 2022). [Order (June 7, 2022), ECF No. 29]. The Court has concluded that it is most efficient to hold the case in abeyance while the Supreme Court considers the validity of the Eighth Circuit's decision in *Jones v. Hendrix*, 8 F.4th 683, 686 (8th Cir. 2021), which narrowly construed the saving clause in 28 U.S.C. § 2255(e). In his petition in this case, among other things, Mr. Gregg claims that his conviction for second-degree murder does not qualify as a crime of violence based on developments in the law that post-date his underlying criminal case, and he should benefit from those later rulings. The outcome of the Supreme Court's decision in *Jones* could affect whether his claims can be considered in this § 2241 proceeding.

On July 8, 2022, Mr. Gregg filed a document entitled "Petitioners Pleading and Request for Appointment of Council, Regarding Supplemental Pleading and Request

1

for Affirmative Relief in Response to Motion." [ECF No. 30]. In this filing, Mr. Gregg cites the Supreme Court's recent decision in *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486 (2022). Mr. Gregg argues that the *Castro-Huerta* decision calls into question the legitimacy of his own conviction as one obtained in violation of his Fifth Amendment right to equal protection. [ECF No. 30 at 1]. Further, he asserts that the indictment in his criminal case did not validly state an offense against him:

> The only legitimate constitutional power that could support Congress's authority to enact the [Indian General Crimes Act, 18 U.S.C. § 1152] is the Indian Commerce Clause. However, Congress's authority under the Indian Commerce Clause does not extend to Gregg because Gregg's indictment does not charge (and the jury did not find) that the murder or discharge of the firearm had any connection to commerce – whether interstate, foreign, or Indian.

[ECF No. 30 at 1]. Mr. Gregg asks the Court to appoint an attorney to assist him and suggests that he intends to pursue a new § 2241 proceeding. [ECF No. 30 at 2 ("Gregg would like to request the appointment of council if the Court deems appropriate and justifiable. . . . Unfortunately, Petitioner is apt to file a new 2241 due to the BOP's failure to implement his half-way house under their own guidelines.")].

Mr. Gregg's motion is denied. First, Mr. Gregg is cautioned that because he has not requested amendment of his petition to add a new claim based on *Castro-Huerta*, the Court has not treated his motion as one seeking such an amendment, and consequently, such a claim is not a part of this proceeding. Second, the request for appointment of counsel will be denied without prejudice at this time because this matter is currently

stayed pending the decision in *Jones*, and Mr. Gregg has tied his request for appointment of counsel to a claim relating to *Castro-Huerta* that he has indicated he may pursue in a separate habeas matter. In a habeas case, a court may appoint counsel in the interests of justice. 18 U.S.C. § 3006A(a)(2)(B). If Mr. Gregg were to file a separate habeas proceeding raising a claim based on *Castro-Huerta*, he could certainly ask for counsel to be assigned in that case. In this matter, once the stay is lifted, if Mr. Gregg files a motion seeking appointment of counsel, such a request will be addressed at the appropriate time.

    **IT IS SO ORDERED**.

Date: November 7, 2022

    *s/Katherine Menendez*
Katherine Menendez
United States District Judge