UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Allen Gregg, | Case No. 20-cv-00433 (KMM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| United States, | |
| Defendant. | |

On January 5, 2022, United States Magistrate Judge Tony N. Leung issued a Report and Recommendation ("R&R") concluding that Mr. Gregg's habeas petition under 28 U.S.C. § 2241 should be dismissed without prejudice for lack of jurisdiction. Judge Leung found that the Court lacks jurisdiction because Mr. Gregg failed to show that the remedy available under 28 U.S.C. § 2255 was inadequate or ineffective under the statute's so-called "saving clause." [R&R, Dkt. 22.] Mr. Gregg objected to the R&R's conclusion on January 24, 2022, but later made a motion to hold this case in abeyance pending the Supreme Court's decision in the appeal from the Eighth Circuit's decision in *Jones v. Hendrix*, 8 F.4th 683, 686 (8th Cir. 2021). [Dkt. 28.] The Court granted Mr. Gregg's request to stay the case on June 7, 2022, agreeing that the outcome in *Jones* would likely resolve the government's argument that the Court lacks jurisdiction over this proceeding. [Dkt. 29.]

On June 22, 2023, the Supreme Court issued its decision in the *Jones* case. *Jones v. Hendrix*, 599 U.S. 465 (2023). On July 11, 2023, the Court lifted the stay, observed that

Mr. Gregg had already been released, instructed the government to provide the Court with information regarding Mr. Gregg's current mailing address, and established a deadline for Mr. Gregg to indicate whether he still intended to pursue this case. The Court advised Mr. Gregg that if no response was received, the matter may be dismissed without prejudice for failure to prosecute. There was initially some delay in getting the Court's Order mailed to Mr. Gregg's updated address, but that was accomplished on August 3, 2023. Since then, the mail sending the Order to Mr. Gregg has not been returned to the Court, nor is there any other indication that it failed to reach its destination. More than a month has passed, and the Court has received no response from Mr. Gregg.

When he sought a stay of this case based on the pendency of the appeal in *Jones*, Mr. Gregg knew that the Supreme Court's decision would likely be outcome-determinative. [Dkt. 28 at 2 ("Key legal questions with potentially dispositive bearing on Gregg's current § 2241 petition are awaiting determination by the Supreme Court.").] In *Jones*, the Supreme Court held that the saving clause does not allow a prisoner to use a § 2241 habeas petition to challenge the validity of his conviction or sentence when his claim is based on a newly adopted narrowing interpretation of the statute of conviction that had been previously foreclosed by circuit precedent because the saving clause only applies to a claim based on "newly discovered evidence" or "a new rule of constitutional law." 599 U.S. at 477–78. The sort of claim Mr. Gregg sought to advance in this case is based on *Borden v. United States*, 141 S. Ct. 1817 (2021), which held that a criminal offense that requires only a *mens rea* of recklessness cannot count as a "violent felony" under the elements clause of the Armed Career Criminal Act. *Id.* at 1821–22. In light of Mr. Gregg's

2

release from custody, the outcome in *Jones*, and Mr. Gregg's awareness of what that outcome means for his *Borden* claim, his lack of a response to this Court's July 11th Order suggests that he has abandoned this action. Fed. R. Civ. P. 41(b); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute . . . .").

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**Let Judgment be entered accordingly**.

Date: September 30, 2023

                                                       *s/Katherine Menendez*
                                                       Katherine Menendez
                                                       United States District Judge